E-FILED
Thursday, 07 January, 2010 03:46:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| RONALD A. FERGUSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-1237 |
| | ) | |
| EXELON NUCLEAR, | ) | |
| | ) | |
| Defendant. | ) | |

## O P I N I O N and O R D E R

Before the Court are the Motion to Dismiss or, in the alternative, to Transfer Venue filed by Defendant, Exelon Nuclear, on July 31, 2009 [Doc. 5]. The alternative Motion is GRANTED and this matter is TRANSFERRED to the District Court for the Northern District of Illinois (Eastern Division).

Plaintiff has filed suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, alleging that he was retaliated against by his employer, Exelon Nuclear. In describing his claim, Plaintiff only states:

> Turned in management foreman in for harassment [sic]. Was immediately sent out for drug test and then sent home by nurse because B/P very high [sic]. Reason employer gave for firing me my employer alleged I made racial slurs and threats directed to my supervisor which I did not do and was not substantiated with proof [sic]. (Complaint, Doc. 1, p. 6).

The Complaint indicates that Plaintiff lives in Steator, Illinois, which is located on the border of LaSalle and Livingston County, and that Defendant is located in Braidwood, Illinois, which is in Will County.

In its Motion, Defendant states that the events that give rise to Plaintiff's Complaint occurred within the judicial district for the Northern District of Illinois. Defendant further asserts that Plaintiff has failed to state a claim for retaliation pursuant to Title VII because such a claim was not made in his Charge of Discrimination. Finally, Defendant asserts that Plaintiff has failed to state a claim of retaliation pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.*, which allegedly was the claim made in Plaintiff's Charge of Discrimination, because his Complaint is devoid of sufficient facts to support such a claim. Neither party has provided a copy of the Charge of Discrimination.[1]

**DISCUSSION**

Defendant's first argument is that venue properly lies in Eastern Division of the District Court for the Northern District of Illinois. Federal Rule of Civil Procedure 12(b)(3) allows for dismissal, without prejudice, of a Complaint for improper venue. Title VII provides that venue is proper:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. 42 U.S.C. § 2000e-5(f)(3).

A reasonable inference from the Complaint is that the alleged retaliation occurred at the Braidwood, Illinois location of Exelon Nuclear. Braidwood is located in Will County which is in the Eastern Division of the District Court for the Northern

---

[1] Defendant states in its memorandum that the Charge is attached as Exhibit A; however, no such exhibit is attached to the memorandum.

District of Illinois. Plaintiff has presented no argument that would render venue proper in this district: Plaintiff has not alleged or shown that either the alleged unlawful employment practice occurred in this district, that relevant records are maintained in this district, or that he would be working in this district but for the alleged unlawful employment practice.

Title 28 U.S.C. § 1406(a) provides that a matter may be transferred, instead of dismissed, to the correct district "if it be in the interest of justice." Transfer is appropriate in this matter because Plaintiff is proceeding *pro se* and this matter has been pending for a significant period of time. In light of this conclusion, Defendant's remaining argument need not be addressed at this time.

For the foregoing reasons, Defendant's alternative Motion is GRANTED [Doc. 5] and the Clerk is directed to TRANSFER this matter to the Eastern Division of the District Court for the Northern District of Illinois.

Entered this 7th day of January, 2010

              s/ Joe B. McDade
              JOE BILLY MCDADE
            United States District Judge